320 January 2, 2025 No. 21

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KAROL HOYOS-GONZALEZ,
*Defendant-Appellant.*

Multnomah County Circuit Court
22CR30573; A181861

Steffan Alexander, Judge.

Submitted November 25, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Joshua B. Crowther, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Hellman, Judge, and Mooney, Senior Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Defendant appeals a judgment of conviction for driving under the influence of intoxicants (DUII), ORS 813.010, entered after a conditional guilty plea. In a single assignment of error, defendant challenges the trial court's denial of her motion to suppress evidence that police collected after providing her *Miranda* warnings. We affirm.

We review a trial court's determination of whether a defendant validly waived *Miranda* rights for legal error. *State v. Lunacolorado*, 238 Or App 691, 693, 243 P3d 125 (2010), *rev den*, 350 Or 530 (2011). We are bound by the court's "express or implicit findings of historical fact if they are supported by any evidence in the record." *State v. Cazarez- Hernandez*, 280 Or App 312, 315, 381 P3d 969 (2016). However, we determine as a matter of law whether those facts are sufficient "to meet constitutional standards." *Id.* (internal quotation marks omitted).

After defendant was charged with DUII, she moved to suppress evidence—including incriminating statements and a blood draw—on the grounds that she did not knowingly and intelligently waive her *Miranda* rights.

At the suppression hearing, an officer testified that he encountered defendant at the wheel of a damaged truck. Although defendant was breathing and her eyes were open, defendant did not respond to the officer's repeated attempts to communicate with her. After paramedics removed defendant from the truck, she provided her name. The officer further testified that he followed defendant's ambulance to the hospital and observed defendant communicating "clearly" with hospital staff. Specifically, he saw defendant answer questions and explain "her pain and issues from the crash." After hospital staff evaluated defendant, the officer informed her that he was placing her under arrest for DUII and read defendant *Miranda* warnings. According to the officer, defendant said that she understood the warnings and told him that she had been drinking that night. Defendant consented to a blood draw and the officer saw her sign two consent forms. Before the officer left the hospital, a nurse informed him that defendant's blood alcohol content was .19 percent.

Defendant testified that she did not remember anything about the crash, receiving *Miranda* warnings, or signing any forms. The trial court denied defendant's motion.

In her assignment of error, defendant contends that the state failed to "meet its burden to show a knowing waiver under [the] circumstances." Specifically, defendant argues that her "intoxication, involvement in a significant automobile crash, and treatment in the hospital *** rendered the waiver invalid" and that the record lacks evidence "about defendant repeating her rights, nodding along, signing a card, or explicitly responding with a 'Yes, I understand.'" We disagree with defendant's arguments.

"[A] defendant's statements obtained during a custodial interrogation are admissible only if the state proves that the defendant was given *Miranda* warnings and made a knowing, intelligent, and voluntary waiver of those rights under the *totality* of the circumstances." *State v. Ward*, 367 Or 188, 200, 475 P3d 420 (2020) (emphasis in original).

> "The knowing and intelligent prong of the waiver analysis tests whether, under the totality of the circumstances, the defendant knew that he may choose not to talk to law enforcement officers, to talk only with counsel present, or to discontinue talking at any time. The inquiry necessarily focuses primarily on the defendant's state of mind, rather than on police conduct, and overreaching is not required to find that a waiver was not knowing and intelligent."

*State ex rel Juv. Dept. v. Deford*, 177 Or App 555, 573, 34 P3d 673 (2001) (internal quotation marks and citation omitted).

Here, the trial court made several express findings about the circumstances of defendant's waiver:

> "[The officer's] testimony was credible and reliable, including with that limitation, [the officer's] testimony that he immediately informed the defendant of her *Miranda* rights as soon as he made contact with the defendant at the hospital and before any questioning by reading the *Miranda* warnings verbatim from his *Miranda* card and obtained an affirmative verbal response that the defendant understood the warnings.

"The waiver being knowing and intelligent and voluntary was further supported by the officer's testimony regarding his observations of the defendant's interactions with hospital staff and the defendant being able to answer the questions of staff coherently as well as the defendant's demeanor and statements. For example, expressions of remorse and express statements that she would do whatever she needed to do and sign whatever she needed to sign, followed by multiple written consents provided by the defendant."

The trial court also considered defendant's testimony:

"To be clear, the defendant's testimony of 'I don't remember' is not the same as being coerced or lacking understanding, and in the court's view, such testimony is not reliable to overcome the officer's credible testimony. By way of further explanation, the defendant testified that she did not remember being in the hospital and did not remember being in a car accident, but there is no dispute that those two facts occurred."

We have reviewed the record and conclude that it supports the trial court's findings. Consequently, we conclude that those facts satisfy the constitutional requirements for a voluntary, knowing, and intelligent waiver.

We disagree with defendant's argument that this case belongs "in the same bucket as [*State v. Norgren*, 287 Or App 165, 401 P3d 1275 (2017), *rev dismissed*, 363 Or 40 (2018)]." In that case, we considered the circumstances and concluded that the defendant did not knowingly and intelligently waive his *Miranda* rights. *Id.* at 170.

"[The deputy] encountered defendant in a heavily wooded area, bleeding, unconscious, and lying naked in the fetal position. Then, immediately upon handcuffing defendant and standing him up, [the deputy] read defendant his *Miranda* rights. Defendant subsequently made incriminating statements and told [the deputy] that 'he was a sasquatch and he was from a family of sasquatches.'"

*Id.* Here, the record supports the trial court's express findings that the officer observed defendant speaking "coherently" with medical staff, that defendant answered their questions, and that she made "expressions of remorse" before waiving her *Miranda* rights. Therefore, this case is

distinguishable from *Norgen*. The court did not err when it denied defendant's motion.

Affirmed.